1

2

3

4

5

6                                IN THE UNITED STATES DISTRICT COURT

7                                    FOR THE DISTRICT OF ARIZONA

8

9    George R. Molitoris,                        )    No. CV 07-432-TUC-CKJ (HCE)
                                                 )
10              Plaintiff,                        )    **REPORT & RECOMMENDATION**
                                                 )
11   vs.                                          )
                                                 )
12                                                )
     Michael J. Astrue,                           )
13                                                )
                Defendant.                        )
14                                                )
     _____             )

15

16

17          Pending before the Court is Defendant's Motion to Dismiss for Lack of Subject Matter

18   Jurisdiction Pursuant to Federal Rule of Civil Procedure 12(b)(1) (Doc. No. 8).  Defendant

19   also submitted a Memorandum of Points and Authorities in support of his Motion to Dismiss

20   (Doc. No. 9) (hereinafter "Defendant's Memo.")  For the following reasons, the Magistrate

21   Judge recommends that the District Court deny Defendant's Motion to Dismiss.

22   **I.      FACTUAL & PROCEDURAL BACKGROUND**

23          Plaintiff, through counsel, has filed the instant action pursuant to 42 U.S.C. 405(g) of

24   the Social Security Act.  (Complaint, p.1 (Doc. No.1))

25

26

27

28

1    Plaintiff protectively filed an application for disability insurance benefits under Title

2    II of the Social Security Act on June 19, 2003[1] (hereinafter "2003 Application" or "2003

3    claim").   Therein, Plaintiff alleged he was disabled since April 1, 2001 under the Social

4    Security Act "due to diabetic neuropathy, myasthenia gravis, and double vision."

5    (Defendant's Memo., Ex. 2, 8 (Doc. No. 9-2, pp.9, 27)) Plaintiff's application was denied

6    initially on August 15, 2003 and upon reconsideration on December 3, 2003.  (Defendant's

7    Memo., Ex. 1, 2. 8) In March 2004, Plaintiff requested a hearing before the Administrative

8    Law Judge (hereinafter "ALJ").[2]  (Defendant's Memo., Ex. 3).

9    On June 4, 2004, ALJ Yvonne K. Stam dismissed Plaintiff's Request for Hearing

10   because it was untimely.  (Defendant's Memo., Ex. 4) In so ruling, ALJ Stam stated in

11   pertinent part:

12   Despite a delay, of which the attorney was aware, a good cause statement was
     not submitted with the late filing.   The District Office attempted
13   unsuccessfully to obtain a statement from the attorney explaining the reason
     for the untimely filing of the request for hearing.  Accordingly, there is no
14   good cause to extend the time for filing.

15   (Id.)  Plaintiff did not appeal this dismissal.  (Defendant's Memo., Ex. 8,(Doc. No. 9-2,

16   p.27)).

17   On April 7, 2005, Plaintiff submitted a second application for disability insurance

18   benefits alleging inability to work since April 1, 2001.  (hereinafter "2005 Application" or

19   "2005 claim").  (*See* Defendant's Memo., Ex. 8) Plaintiff claimed disability due to "diabetic

20   neuropathy, pains on arms, legs and feet, double vision, heart attack, congenital heart failure,

21   weakness on left side, and..." dragging his left leg when he walks. (Defendant's Memo., Ex.

22

23   [1]Plaintiff's date last insured for disability benefits is June 30, 2003.  (Defendant's
24   Memo., Ex. 8 (Doc. No. 9-2, p.27))

25   [2]Plaintiff's attorney at the time signed the Request for Hearing on December 17, 2003;
     Plaintiff signed the Request on March 4, 2004; and the Request was ultimately received by
26   the Social Security Administration on March 5, 2004. (Defendant's Memo., Ex. 3) Plaintiff's
     present counsel states that Plaintiff's attorney "at the time timely submitted a Request for
27   Hearing on December 17, 2003, but failed to provide the Claimant's signature until March
     4, 2004."  (Plaintiff's Response, Ex. (Doc. No. 12-3, p.2))
28

1   6) The claim was denied initially on September 27, 2005 and upon reconsideration on

2   January 13, 2006.  (Defendant's Memo., Ex. 5, 6) Thereafter, Plaintiff timely requested a

3   hearing before an ALJ.  (Defendant's Memo., Ex. 7)

4          A hearing took place before ALJ Normal R. Buls on December 20, 2006.  (Plaintiff's

5   Response, p. 3)  On March 16, 2007, ALJ Buls issued an order of dismissal.  (Defendant's

6   Memo., Ex. 8)  The ALJ determined that (1)"the final determination made on the claimant's

7   application filed protectively on June 19, 2003, may not be reopened"; and (2) Plaintiff's

8   request for hearing was subject to dismissal because the doctrine of res judicata barred such

9   request.  (Defendant's Memo., Ex. 8, (Doc. No. 9-2, p.28))  The ALJ concluded that "[t]he

10  determination dated August 18, 2003, remains in effect."  (Id.)

11         Plaintiff timely requested review of the ALJ's decision.  (Defendant's Memo., Ex. .9)

12  The Appeals Council denied Plaintiff's request for review.  (Defendant's Memo., Ex. 10)

13  "The Appeals Council's denial did not afford Plaintiff any appeal rights."  (Defendant's

14  Memo., p. 3 (*citing* Defendant's Ex. 10))

15         Plaintiff filed the instant Complaint on August 28, 2007.  Plaintiff seeks review of

16         the decision of the Appeals Council of the Social Security Administration

17         denying the Request for Review of the Administrative Law Judge's decision
       in which the ALJ dismissed Plaintiff's request for a hearing, and decided that
       the final determination on Plaintiff's prior application would not be reopened

18         based on the doctrine if res judicata.

19  (Complaint, p.1) (emphasis omitted)  Plaintiff alleges that the Appeal Council's denial of his

20  request for review "constituted a final decision of the Social Security Administration."  (Id.

21  at p.2)  Plaintiff further alleges that the Court has jurisdiction to consider his complaint

22  pursuant to 42 U.S.C. § 405(g).

23  **II.     STANDARD: MOTION TO DISMISS FOR LACK OF SUBJECT MATTER**

24  **JURISDICTION**

25         Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, dismissal is

26  appropriate when the court lacks subject matter jurisdiction over a claim.  Fed. R. Civ.

27  12(b)(1).  Subject matter jurisdiction involves the power of the court to hear the plaintiff's

28  claims in the first place and, therefore, imposes upon courts an affirmative obligation to

ensure that they are acting within the scope of their jurisdictional power. Because federal courts are courts of limited jurisdiction, it is presumed that a cause lies outside the jurisdiction of federal courts unless proven otherwise. *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377 (1994). The plaintiff bears the burden of establishing that jurisdiction exists. *Tosco Corp. v. Communities for a Better Environment,* 236 F.3d 495, 499 (9th Cir. 2001); *Thornhill Publishing Co. v. General Telephone & Electronics Corp.,* 594 F.2d 730, 733 (9th Cir. 1979).

"'A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may'" attack the existence of subject matter jurisdiction as a matter of fact. *National Union Fire Insur. Co. v. ESI Ergonomic Solutions, LLC.,* 342 F.Supp.2d 853 (D. Ariz. 2004) *(quoting Thornhill Publishing Co.,* 594 F.2d at 733). "When a motion to dismiss attacks the allegations of the complaint as insufficient to confer subject matter jurisdiction, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Id. (citing Federation of African Amer. Contractors v. City of Oakland,* 96 F.3d 1204, 1207 (9th Cir. 1996)). Where the jurisdictional issue is separable from the merits of the case, the court may consider the evidence presented with respect to the jurisdictional issue, resolving factual disputes if necessary. *Thornhill,* 594 F.2d at 733. "When the motion is a factual attack on subject matter jurisdiction, a defendant may 'rely on affidavits or any other evidence properly before the Court.'" *National Union Fire Insur. Co.*, 342 F.Supp.2d at 861  *(citing St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989)). In the instance of a factual challenge, no presumption of truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the court from evaluating the merits of jurisdictional claims. *Thornhill,* 594 F.2d at 733.

**III.   DISCUSSION**

A.   Introduction

Title 42 U.S.C. § 405(g) is the exclusive means for judicial review of the Commissioner's determinations regarding disability insurance benefits. *Weinberger v. Salfi,* 422 U.S. 749, 857 (1975) (The Social Security Act "prevent[s] review of decisions of the

1    [Commissioner] save as provided in...” section 405(g)).   Section 405(g) sets forth the

2    requirements that must be satisfied for judicial review.   *Id.* at 763-764.   Among the

3    requirements is that there must be a final decision of the Commissioner made after a hearing.

4    *Id.*; 42 U.S.C. § 405(g).   It is well-settled that the Commissioner's decision "'not to re-open

5    a previously adjudicated claim for social security benefits' is purely discretionary, and is

6    therefore not considered a 'final' decision within the meaning of section 405(g)."

7    *Krumpelman v. Heckler,* 767 F.2d 586, 588 (9th Cir. 1982) (*citing Califano v. Sanders,* 430

8    U.S. 99, 107-109 (1977); *Davis v. Schweiker,* 665 F.2d 934, 935 (9th Cir. 1982)).

9        Defendant seeks dismissal pursuant to Fed.R.Civ.P. 12(b)(1) on the basis that the

10    Court lacks subject matter jurisdiction because Plaintiff did not receive a final reviewable

11    decision for appeal and the application of res judicata by the Commissioner is not subject to

12    judicial review on the instant facts.

13        Plaintiff argues that in January 2006[3], the SSA found he was disabled.   (Plaintiff's

14    Response, p.2) According to Plaintiff, in January 2006, the SSA:

15       determined that the new evidence provided supported disability, but that the
16       evidence from 2001-2003 did not.  We asked for a hearing to review the onset
        date arguing that the new evidence produced after 2003 sheds new light on
17       observations made prior to June 2003 (D[ate] L[ast] I[nsured] [(hereinafter
        "DLI")]), and specifically on durational issues.

18    (Id.)  Plaintiff stresses that he is "not appealing the administrative denial of 2003, but rather

19    the January 15, 2006 decision finding no disability prior to the DLI of June 30, 2003."  (Id.)

20

21

22       [3]Plaintiff refers to a January *15*, 2006 decision from the Social Security
     Administration ("SSA").  (Plaintiff's Response, p.2)  The only January 2006 decision from
23    the SSA in the record before this Court is dated January *13*, 2006. (Defendant's Memo., Ex.
     6) Plaintiff states in his brief filed before the ALJ that "[o]n January 13, 2006, the Social
24    Security Administration determined that Claimant was disabled as of April 20, 2005, for the
     purpose of Supplemental Security Income, due to diabetic neuropathy, pain in arms, legs, and
25    feet, double vision, heart attack, congenital heart failure, and weakness on the left side.  They
     determined, however, that he was not disabled between April 1, 2001, and June 30, 2003, i.e.
26    prior to his [date last insured]."  (Plaintiff's Ex. (Doc. No. 12-2,p.1)) Defendant did not file
27    a Reply, or otherwise address Plaintiff's assertion that he was found disabled after 2005 for
28    purposes of supplemental security income.

- 5 -

Plaintiff's 2005 Application (i.e., his second application) was initially denied on September 27, 2005 as follows in pertinent part:

> You were last insured for Social Security disability benefits on 6/30/03. This means that the evidence must clearly show that your condition was disabling on or before this date, in order for you to be considered eligible for Social Security disability benefits. Although, we have current evidence that indicates you have a memory loss that limits your work capability, we have been unable to obtain information which shows [sic] your medical status was on or before 6/30/03, the time period before you were last insured. Evidence shows you were capable of doing sedentary work from 4/01 to present and there was insufficient evidence to evaluate your memory loss from 4/01 to 6/03. Therefore, we cannot find you disabled.
>
> We have determined that your condition was not severe enough to be considered disabling. In deciding this, we considered the medical and other information, and how your condition affected your ability to work.
>
> We have determined that your condition was not disabling on any date through 06/30/2003, the last day insured status for disability was met.

(Defendant's Memo., Ex. 5).

Plaintiff's request for reconsideration was denied on January 13, 2006 as follows in pertinent part:

> The medical evidence shows you have a history of the aforementioned conditions. Although these caused you some problems in daily functioning, the evidence also shows that between the period of 4/01/2001 and 06/30/2003, which is the last time you were insured for disability benefits, you retained the capacity to function at a level of exertion and mental awareness which enabled you to do your past work as a loan officer. As you retained the capacity to do work which you had previously done, we are unable to say you were disabled during the necessary eligible period.
>
> We have determined that your condition was not severe enough to keep you from working. We considered the medical and other information, your age, education, training, and work experience in determining how your condition affected your ability to work.
>
> We have determined that your condition was not disabling on any date through 06/30/2003, the last day insured status for disability was met.

(Defendant's Memo., Ex. 6) Nothing in the SSA's January 13, 2006 decision suggests a finding that Plaintiff was disabled after June 30, 2003 for purposes of disability insurance benefits.

On March 16, 2007, the ALJ issued an Order of Dismissal. That decision does not reflect that the SSA found Plaintiff was disabled after June 30, 2003 for purposes of either

disability insurance benefits or supplemental security income.[4]  The ALJ declined to reopen the 2003 determination and found that Plaintiff's request for hearing was barred under the doctrine of res judicata.

The regulations provide that the Commissioner may dismiss a request for hearing if the ALJ decides that:

> The doctrine of res judicata applies in that we have made a previous determination or decision under this subpart about your rights on the same facts and on the same issue or issues, and this previous determination or decision has become final by either administrative or judicial action

20 C.F.R. §404.957(c)(1).  Before applying the doctrine of res judicata, the ALJ must determine whether reopening or revising is appropriate.  (Defendant's Memo., p.6 (citing Program Operations Manual System GN 03101.160(A)).  The SSA may decide to reopen a final, binding decision within four years of the initial determination if there is good cause to do so.  20 C.F.R. §§404.987-404.989.  Good cause is shown where: (1) new and material evidence is furnished; (2) a clerical error in the computation or recomputation of benefits occurred; or (3) the evidence considered in making the determination or decision clearly shows on its face that an error was made.  20 C.F.R. §404.989.

The ALJ herein pointed out that "if a claimant is dissatisfied with a determination or decision, but does not request further review within the stated time period..." that claimant loses the right to further review.  (Defendant's Memo., Ex. 8 (Doc. No. 9-2, p.27)) (citing 20 C.F.R. § 404.987).  The ALJ also acknowledged that  a binding decision may be reopened "within four years of the notice of the initial determination if there is good cause to do so" pursuant to  20 C.F.R. §404.989.   In considering whether good cause existed to reopen the prior decision, the ALJ stated:

> Here, the new evidence consists of the claimant's testimony and medical evidence, some of which is duplicative...but it does not describe any additional impairments or any greater limitations in the claimant's ability to work than the evidence previously considered in issuing the prior determination.

---

[4]Plaintiff informed the ALJ of the disability finding for purposes of supplemental security income in a pre-hearing brief.  (Plaintiff's Response, Ex. (Doc. No. 12-2, p.1))

1

> Furthermore, review of the evidence supporting the prior determination of August 18, 2003, as well as the new evidence submitted with the current application, reveals that there has been no clerical error or error on the face of the evidence on which such determination was based.

2

3

> In view of the above, the final determination made on the claimant's application filed protectively on June 19, 2003, may not be reopened.

4

5 (Id. (Doc. No. 9-2, p.28))

6 The ALJ then relied on the doctrine of *res judicata* to dismiss Plaintiff's request for

7 hearing:

8

> Res judicata is present when the claimant has had a previous determination or decision about rights on the same facts and on the same issue or issues, and the previous determination or decision has become final by either administrative or judicial action.

9

10

11

> The claimant's current request for hearing involves the rights of the same claimant on the same facts and on the same issues which were decided in the final and binding determination dated August 18, 2003, made on the prior application. Accordingly, the claimant's request for hearing filed on March 13, 2006 is hereby dismissed. The determination dated August 18, 2003 remains in effect.

12

13

14 (Id.)

15    B.    Refusal to Reopen

16 The Supreme Court has held that federal courts lack jurisdiction under 42 U.S.C. §405

17 to review the Commissioner's decision not to reopen a previously adjudicated claim.

18 *Califano,* 430 U.S. 99. "Once a decision becomes administratively final, the

19 [Commissioner's] decision [whether] to reopen a claim is purely discretionary" and is not

20 reviewable under section 405(g). *Davis,* 665 F.2d at 935; *see also Lester v. Chater,* 81 F.3d

21 821, 827 (9th Cir. 1996) ("As a general matter, the Commissioner's refusal to reopen [his or]

22 her decision as to an earlier period is not subject to judicial review."). However, if "the

23 Commissioner considers 'on the merits' the issue of the claimant's disability during the

24 already-adjudicated period", then "a de facto reopening occurs, [and] the Commissioner's

25 decision as to the prior period is subject to judicial review." *Id.* (citations omitted) Moreover,

26 "[i]f...a person makes a colorable constitutional claim that the decision not to reopen violates

27 the due process clause of the fifth amendment, this court has jurisdiction." *Gonzalez v.*

28 *Sullivan,* 914 F.2d 1197, 1203 (9th Cir. 1990) (*citing Califano,* 430 U.S. at 109)). The Ninth

1    Circuit has held that under *Califano v. Sanders,* "[t]he constitutional claims must relate to the

2    manner or means by which the [Commissioner] decided not to reopen the prior decision,

3    rather than to the merits of the prior decision or the means by which that [prior] decision was

4    reached." *Panages v. Bowen,* 871 F.2d 91, 93 (9th Cir. 1989); *see also Evans v. Chater,* 110

5    F.3d 1480, 1482 (9th Cir. 1997) ("it is clear that *Panages'* holding is that an attack on the

6    merits of the prior decision will not suffice and that a constitutional claim must implicate a

7    due process right to a meaningful opportunity to be heard.")(internal quotation marks

8    omitted).

9         Plaintiff argues that the ALJ's decision "clearly supports our argument that the claim

10   filed in 2005 was denied, not dismissed administratively" because the ALJ's decision was

11   rendered upon the ALJ's "review of the evidence..." of record. (Plaintiff's Response, p. 4)

12        A clear reading of the ALJ's decision shows that no de-facto reopening occurred in

13   this case. The ALJ's decision does not discuss the merits of Plaintiff's 2003 or 2005 claims

14   of disability. *Cf. Gregory v. Bowen*, 844 F.2d 664, 666 (9th Cir. 1988) ("[T]he ALJ's decision

15   to reopen the 1981 claim by considering on the merits the issue of [plaintiff's] disability

16   during the time covered by the 1981 claim precludes agency reliance upon res judicata.")

17   The ALJ made no independent finding whether Plaintiff was disabled under either of his

18   applications for disability. The ALJ's decision solely addresses reopening of the 2003

19   decision and the applicability of res judicata. In addressing these issues, the ALJ must

20   necessarily consider the "evidence of record." The ALJ explicitly found the evidence of

21   record was insufficient to warrant re-opening the 2003 claim, he explicitly refused to reopen

22   such claim, and he explicitly refused to consider Plaintiff's 2005 disability claim on the

23   merits under the doctrine of res judicata. An ALJ's explicit finding that "the evidence was

24   insufficient to warrant the re-opening" of a disability claim and explicit refusal to re-open

25   such claim is not subject to federal court review. *See Krumpelman,* 767 F.2d at 589.

26   Additionally, "[w]here a discussion of the merits is accompanied by a specific conclusion

27   that the claim is res judicata, the decision should not be treated as a reopening of the claim."

28   *Pearson v. Secretary of Health and Human Servs.,* 780 F.Supp. 682, 686 (E.D. Cal. 1991)

1    (*citing Krumpelman,* 767 F.2d at 589).  Consequently, under the instant circumstances, the

2    ALJ herein did not *de facto* reopen Plaintiff's 2003 disability claim.

3          Plaintiff also raises a Fifth Amendment Due Process argument that the ALJ failed to

4    adhere to applicable regulations regarding: (1) determining disability onset; (2) determining

5    the durational aspect of disability; and (3) reopening prior decisions.  Yet, Plaintiff argues

6    that he is not challenging the denial of the 2003 application but instead takes issue with the

7    "2006" decision not to accept the DLI as the onset date of Plaintiff's disabilities.  Plaintiff's

8    constitutional claims, therefore, more appropriately apply to the ALJ's res judicata finding,

9    and not his refusal to reopen Plaintiff's 2003 claim.

10          C.      Res Judicata

11          "The principles of res judicata applies to administrative decisions...." *Chavez v.*

12   *Bowen,* 844 F.2d 691, 693 (9th Cir. 1988); *see also Thompson v. Schweiker,* 665 F.2d. 936,

13   940  (9th Cir. 1982) ("Administrative res judicata may apply even though the claimant has

14   never had a hearing, where the claimant has failed to pursue administrative appeals and no

15   new facts are presented in the subsequent application.")  The Ninth Circuit has stated that

16   "[d]istrict courts...have no jurisdiction to review a refusal to re-open a claim for disability

17   benefits or a determination that such claim is res judicata." *Krumpelman,* 767 F.2d at 588

18   (*citing Davis,* 665 F.2d at 935).  However, the Ninth Circuit has also recognized that "the

19   doctrine [of res judicata] is applied less rigidly to administrative proceedings than to judicial

20   proceedings." *Chavez,* 844 F.2d at 693; *see also Thompson,* 665 F.2d at 941.  Although "an

21   ALJ's finding that a claimant is not disabled 'create[s] a presumption that [the plaintiff]

22   continued to be able to work after that date," such presumption does not apply if there are

23   "changed circumstances." *Lester,* 81 F.3d at 827 (citations omitted); *see also Chavez,* 844

24   F.2d at 693 (a change in age status may constitute a changed circumstance precluding

25   application of res judicata).  Additionally, "the Commissioner may not apply res judicata

26   where the claimant raises a new issue, such as the existence of an impairment not considered

27   in the previous application...Nor is res judicata to be applied where the claimant was

28   unrepresented by counsel at the time of the prior claim." *Id.* at 827-828 (citations omitted);

1   *see also Thompson,* 665 F.2d. at 940 ("We recognize the importance of administrative res

2   judicata; however, enforcement of that policy must be tempered by fairness and equity.")

3   Moreover, "where the record is patently inadequate to support the findings the ALJ made,

4   application of res judicata is tantamount to a denial of due process." *Thompson,* 665 F.2d

5   at 941.

6       Plaintiff premises much of his argument on his assertion that the SSA found him "to

7   be disabled in 2006" and based upon this finding of disability, the ALJ was required to

8   consider whether the onset of disability began prior to the DLI. (Plaintiff's Response, p. 12)

9   Defendant has not disputed that Plaintiff was found disabled "as of April 20, 2005, for the

10  purpose of Supplemental Security Income, due to diabetic neuropathy, pain in arms, legs, and

11  feet, double vision, heart attack, congenital heart failure, and weakness on left side."

12  (Plaintiff's Ex. (Doc. No. 12-2, p.1; *see also* Plaintiff's Response, pp. 2, 12)) The definition

13  of "disability" for purposes of social security disability insurance benefits and supplemental

14  security income is the same: the inability to engage in any substantial gainful activity by

15  reason of any medically determinable physical or mental impairment which can be expected

16  to result in death or which has lasted or can be expected to last for a continuous period of not

17  less than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

18      Plaintiff's 2005 application alleged disability based upon diabetic neuropathy and

19  double vision which were also alleged in his 2003 application.  However, Plaintiff also

20  alleged the following impairments in 2005 which were not alleged in his 2003 application:

21  heart attack; congenital heart failure; pains in arms, legs, and feet; weakness in his left side

22  all with an onset date prior to his DLI.  It is inappropriate to apply the doctrine of res judicata

23  to bar consideration of new impairments not raised in the  earlier proceeding. *See Gregory,*

24  844 F.2d at 666.

25      Plaintiff argues that he is not appealing  the 2003 decision, "but rather [he] introduced

26  new information which shed new light on [his] medical condition prior to his date of last

27  insured to allow for revision of the onset date to June 2003.  We argued that SSA regulations

28  mandate evaluation of onset of disability and that those regulations confirm this Claimant's

1  right to reopen his claim." (Plaintiff's Response, p. 5; *see also* Id. at p. 8 ("we do not appeal

2  the administrative denial of Claimant's 2003 application and are not asking for back pay for

3  that period.  We challenge the decision of the ALJ in Claimant's 2006[5] decision not to

4  accept the DLI as Claimant's onset of disability."))  Plaintiff's position is that the onset date

5  for the  disabilities alleged in his 2005 Application occurred prior to June 30, 2003 but the

6  medical records to establish this were not available until after 2003.  (Id. at p. 14) For

7  example, Plaintiff points out that in 2003, the SSA determined that he was not disabled, in

8  part, because he had been prescribed medication for his double vision.  (Defendant's Memo.,

9  Ex. 2; *see also* Plaintiff's Ex. (Doc. No. 12-2, p.15) (Dr. Mehelas noting in May 2003 that

10  Plaintiff's diplopia "is essentially resolved with Mestinon...")) However, by March 30, 2004,

11  "Dr. Mehelas determined that [Plaintiff]...was suffering from diplopia, which was not

12  corrected by his manipulation of the prisms or Mestinon therapy."  (Plaintiff's Response, p.

13  21) Plaintiff persuasively contends that had the ALJ not applied res judicata to bar his current

14  (2005) claim, the ALJ could have determined, based on the post-2003 medical records, that

15  such condition was expected to last for a continuous period of not less than 12 months

16  commencing prior to expiration of Plaintiff's DLI. (*See* Id., at pp. 10-19); *see also Flaten v.*

17  *Secretary of Health and Human Servs.,* 44 F.3d 1453, 1461 n.5 (9th Cir. 1995) (recognizing

18  relevance of retrospective diagnoses by treating physicians and medical experts,

19  contemporaneous medical records and lay testimony to establish disability onset date); *Smith*

20  *v. Bowen,* 849 F.2d 1222, 1225 (9th Cir. 1988) (reports made after the period for disability

21  are relevant to assess the claimant's disability and are acceptable for use in determining

22  disability onset date); *Bilby v. Schweiker,* 762 F.2d 716 (9th Cir. 1985) (same); *see also* SSR

23  83-20[6] (discussing determination of disability onset date).

24  _____

25      [5]The ALJ's decision regarding Plaintiff's 2005 claim for disability benefits was made
26  in 2007.  (*See* Defendant's Memo., Ex. 8)

27      [6]"Social Security Rulings constitute the Social Security Administration's
   interpretations of  the statute it administers and of its own regulations....Although Social
28  Security Rulings do not have the force of law,...once published, they are binding upon ALJs

1    In sum, Plaintiff alleged in his 2005 application disabling impairments not alleged in
2    the 2003 application.  Defendant has not disputed that these impairments, when considered
3    alone or in combination with each other and the impairments of diabetic neuropathy and
4    double vision alleged in both applications  resulted in a disability finding for purposes of
5    supplemental security income as of April 20, 2005.  Although Defendant did not submit the
6    entire administrative record, consideration of the record before this Court supports the
7    conclusion that Plaintiff's condition has materially changed since resolution of the 2003
8    application.    Moreover, Plaintiff's claims necessarily require consideration of evidence
9    pertaining to the 2003 claim to determine the appropriate disability onset date with regard
10   to his 2005 application.  Under such circumstances it is unclear on this record how the ALJ
11   could have determined that Plaintiff's 2005 application involved the "same facts and...the
12   same issues which were decided in the final binding determination dated August 18, 2003,
13   made on the prior application."  (Defendant's Memo., Ex. 8 (Doc. No. 9-2, p.28))   On the
14   instant facts, Plaintiff has rebutted the presumption of non-disability that arose from the res
15   judicata effect of the 2003 denial of his benefits.  The dismissal of Plaintiff's 2005 disability
16   claim on the ground of res judicata is inappropriate and his claim should be remanded to the
17   Commissioner with instructions to conduct further proceedings with regard to Plaintiff's
18   2005 claim.[7]  *See Thompson,* 665 F.2d at 936 (remanding to Commissioner "with instructions
19   to conduct an appropriate hearing" where denial of disability claim on grounds of res judicata
20   was "inappropriate."); *Cf. Murray v. Schweiker,* 555 F.Supp. 573, (D.Mont. 1982) (reviewing
21   court may order remand to Commissioner *sua sponte*) (*citing Igonia v. Califano,* 568 F.2d
22   1383 (D.C.Cir. 1977)).
23
24
─────────────────
25   and the Commissioner."  *Herrera v. Barnhart,* 379 F.Supp.2d 1103, 1108 n.5 (C.D. Cal.
26   2005)(citations omitted).
27        [7]Given the conclusion that application of res judicata to Plaintiff's claim was
     inappropriate, the Court need not address Plaintiff's claim that the ALJ's decision violated
28   Plaintiff's Fifth Amendment Due Process rights.

**IV.   CONCLUSION**

The Court lacks jurisdiction to review the ALJ's decision not to  reopen Plaintiff's 2003 claim.  However, because the ALJ's finding of res judicata was inappropriate on the instant record, Defendant's Motion to Dismiss should be denied and the matter should be remanded to the Commissioner for further proceedings.

**V.   RECOMMENDATION**

For the foregoing reasons, the Magistrate Judge recommends that the District Court:

(1)   deny Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Federal Rule of Civil Procedure 12(b)(1) (Doc. No.8); and

(2)    remand this matter to the Commissioner for further proceedings with regard to Plaintiff's 2005 claim.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within ten days after being served with a copy of this Report and Recommendation.  A party may respond to another party's objections within ten days after being served with a copy thereof. Fed.R.Civ.P. 72(b).  If objections are filed, the parties should use the following case number: CV 07-432-TUC-CKJ.

If objections are not timely filed, then the parties' right to *de novo* review by the District Court may be deemed waived.  *See United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir.) (*en banc*), *cert. denied,* 540 U.S. 900 (2003).

DATED this 18th day of February, 2009.

_____

Héctor C. Estrada
United States Magistrate Judge