**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| GEORGE R. MOLITORIS,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the Social<br>Security Administration,<br><br>Defendant. | No. CIV 07-432-TUC-CKJ<br><br>**ORDER** |

On February 19, 2009, Magistrate Judge Hector C. Estrada issued a Report and Recommendation [Doc. # 13] in which he recommended that Defendant's Motion to Dismiss Case for Lack of Jurisdiction [Doc. # 8] be denied and this matter be remanded to the Commissioner for further proceedings with regard to Plaintiff's 2005 claim. On March 5, 2009, Defendant filed Objections to the Report and Recommendation [Doc. # 14]. On March 9, 2009, Plaintiff filed a Motion to Strike and Response to Defendant's Objections to the Magistrate Judge's Report and Recommendation [Doc. # 15].

*Procedural Background*

Plaintiff George Molitoris ("Molitoris") protectively filed an application for Social Security Disability Insurance Benefits ("DIB") on June 19, 2003. He asserted that his onset of disability was April 1, 2001. Molitoris' date of last insured was June 30, 2003. Molitoris' application was denied on August 15, 2003, and, upon reconsideration, on December 3, 2003.

1  In March of 2004, Molitoris requested a hearing before the Administrative Law Judge ("the
2  ALJ"). On June 4, 2004, the ALJ dismissed Molitoris' Request for Hearing because it was
3  untimely. Molitoris did not appeal this dismissal.

4  On April 7, 2005, Molitoris applied for Supplemental Security Income ("SSI")
5  benefits alleging inability to work since April 1, 2001. Molitoris' claim was allowed on
6  January 15, 2006. Molitoris requested a hearing to review the onset date. The ALJ
7  dismissed Molitoris' request for a hearing and determined that the final determination on
8  Molitoris' prior application would not be reopened based on the doctrine of *res judicata*. The
9  Social Security Appeals Council denied Molitoris' request for review.

10  On August 28, 2007, Molitoris filed his Complaint in this matter. Molitoris asserts
11  that the ALJ and the Appeals Council erred in finding that Molitoris cannot reopen the
12  determination made on a prior application.

13  On November 26, 2007, Defendant filed a Motion to Dismiss Pursuant to FRCP
14  12(c)(1) [Doc. # 8]. Defendant argues that this Court has no jurisdiction under 42 U.S.C. §
15  405(g) to review any action of the Commissioner unless there has been a final decision made
16  after a hearing. Defendant further argues that the Commissioner's decision not to reopen a
17  prior claim is not reviewable absent a legitimate constitutional challenge. Because a final
18  decision after a hearing was not issued and Molitoris has not claimed a legitimate
19  constitutional challenge, Defendant argues this matter must be dismissed.

20  Molitoris filed his response on January 27, 2008. Molitoris argues that the ALJ has
21  *de facto* reopened the case and, therefore, *res judicata* is waived. Molitoris further argues
22  that this Court can determine as a threshhold whether *res judicata* is proper in this case.
23  Molitoris also argues that this case poses a constitutional issue because the government failed
24  in its duty to inquire by violating three of its own rulings. Molitoris also argues that remand
25  is required as a matter of law because new material evidence that relates to the period on or
26  before the date of the ALJ's decision is presented in this case.

27
28

*Motion to Strike*

Plaintiff requests this Court to strike Defendant's objections as untimely. Defendant filed his Objections on March 5, 2009. As the magistrate judge advised the parties, written objections to the Report and Recommendation were to be filed within ten days after being served with a copy of the Report and Recommendation. 28 U.S.C. § 636(b). Because weekends are not counted in computing a deadline, Fed.R.Civ.P. 6(a)(2), and three days are added for service, Fed.R.Civ.P. 5(b)(2)(E), Fed.R.Civ.P. 6(d), and 8 Fed.Proc., L.Ed. § 20:208 (2008), objections to the Report and Recommendation were to be filed on or before March 10, 2009. The Court finds Defendant's objection was timely filed; the Motion to Strike will be denied.[1]

*Report and Recommendation – Motion to Dismiss*

The Magistrate Judge determined that the Commissioner's decision not to reopen a claim for social security benefits is discretionary and not considered a final decision within the meaning of section 405(g). *Krumpelman v. Heckler*, 767 F.2d 586, 588 (9th Cir. 1982). Indeed, 42 U.S.C. § 405(g) is the exclusive means for judicial review of the Commissioner's determinations regarding disability insurance benefits. *Weinberger v. Salfi*, 422 U.S. 749, 857 (1975). Neither party has objected to this determination.

The Magistrate Judge also determined that the Commissioner may dismiss a request for hearing if the ALJ decides that *res judicata* applies. 20 C.F.R. § 404.957(c)(1). The Commissioner, however, may decide to reopen a final binding decision within four years of the initial determination if there is good cause to do so. 20 C.F.R. §§ 404.987-404.989. The Magistrate Judge determined that a "clear reading of the ALJ's decision shows that no de-facto reopening occurred in this case." Report and Recommendation, p. 9. The Magistrate

---

[1]The Court notes, however, that the Commissioner's Response to the Motion to Strike was not timely filed; the Court will not consider the Response.

- 3 -

Judge also determined that district courts "have no jurisdiction to review a refusal to re-open a claim for disability benefits or a determination that such claim is res judicata." Report and Recommendation, p. 10, *citing Krumpelman*, 767 F.2d at 588. Neither party has objected to these determinations.

The Magistrate Judge also determined that the Ninth Circuit recognizes that *res judicata* is to be "applied less rigidly to administrative proceedings than to judicial proceedings." Report and Recommendation, p. 10, *citing Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988). The Magistrate Judge then determined, pursuant to *Thompson v. Schweiker*, 665 F.2dd 936 (9th Cir. 1982), that where the record is inadequate to support the findings of the ALJ, application of *res judicata* constitutes a denial of due process. Report and Recommendation, p. 11. The Magistrate Judge determined that "it is unclear on this record how the ALJ could have determined that Plaintiff's 2005 application involved the 'same facts and . . . the same issues which were decided in the final binding determination dated August 18, 2003, made on the prior application.'" Report and Recommendation, p. 13. Defendant objects to these determinations. Molitoris asserts, however, that the Magistrate Judge was correct in determining that *res judicata* does not apply because Molitoris' condition has materially changed since resolution of the earlier claim. Molitoris also asserts that Defendant makes arguments that should have been raised and brought to the attention of the magistrate long ago.

As to Molitoris' claim that Defendant is making arguments that should have been raised long ago, the Court notes that Defendant did argue that the Court did not have subject matter jurisdiction in the Motion to Dismiss. Indeed, Defendant argued that the Commissioner's decision not to reopen a prior claim is not reviewable absent a legitimate constitutional challenge. Moreover, lack of subject matter jurisdiction may be raised at any time. *See* Fed.R.Civ.P. 12(h)(3). Further, a district court can raise the issue on its own accord. *Id.* Federal courts are always "under an independent obligation to examine their own jurisdiction," *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231, 110 S.Ct. 596, 107 L.Ed.2d

603 (1990), and a federal court may not entertain an action over which it has no jurisdiction. *See Insurance Corp. Of Ireland, Ltd. v. Campagnie des Bauxites de Guinee*, 456 U.S. 694, 701, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982); *see also Magana v. Commonwealth of N. Mariana Islands*, 107 F.3d 1436, 1443 (9th Cir. 1997). The Court finds Defendant has not waived its arguments challenging subject matter jurisdiction.[2]

The Magistrate Judge determined that, where the record is inadequate to support the findings of the ALJ, application of *res judicata* constitutes a denial of due process. Report and Recommendation, p. 11. The Magistrate Judge determined that "it is unclear on this record how the ALJ could have determined that Plaintiff's 2005 application involved the 'same facts and . . . the same issues which were decided in the final binding determination dated August 18, 2003, made on the prior application." *Id*. at 13. However, the inadequate record in *Thompson* was the record before the ALJ, not the reviewing court.[3] Moreover, the *Thompson* court specifically stated that its decision did not "involve the issue, discussed in Davis v. Schweiker, decided [on the same day], of whether a claimant whose application is barred by res judicata is entitled to a review of the Secretary's refusal to reopen the case." 665 F.2d at 941. Rather, once "a decision becomes administratively final, the Secretary's decision to reopen a claim is purely discretionary. These discretionary decisions are not 'final' decisions within the meaning of § 405(g)." *Davis v. Schweiker*, 665 F.2d 934 (9th Cir. 1982).

The Court, therefore, does not have jurisdiction of this matter absent a colorable

---

[2]The Court notes, however, that the Commissioner's assertion that the magistrate judge's agreement with Plaintiff is incredible is disingenuous considering that some of the Commissioner's specific arguments relating to subject matter jurisdiction were first raised in his Objections.

[3]Indeed, the *Thompson* court discussed the ALJ's actions in failing to fully develop the record where the claimant was not represented by counsel.

- 5 -

constitutional clam.[4] *Lester v. Chater*, 81 F.3d 821, 827 (9th Cir. 1995). The Ninth Circuit has held that a colorable constitutional claim of a due process violation "implicates a due process right either to a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination." *Udd v. Massanari*, 245 F.3d 1096, 1099 (9th Cir. 2001), *citing Evans v. Chater*, 110 F.3d 1480, 1483 (9th Cir. 1997). In *Udd*, the claimant had alleged that his mental impairment prevented him from understanding the order of termination and complying with regulations to request a timely review of the decision; in *Evans*, the claimant alleged that he was mentally impaired and was not represented by counsel at the time of the denial. *See generally*, 4 Soc. Sec. Law & Prac. § 55:21 (2009) (discussing when constitutional issue is present when Commissioner has denied a petition to reopen a claim).

Molitoris argues that the failure to reopen an earlier application without a hearing and the failure to conduct an adequate inquiry constitutes a due process violation. In his Response to the Motion to Dismiss, Molitoris asserts that the ALJ should have reopened his first DIB claim in consideration of his first SSI claim.[5] Molitoris has not disputed the Commissioner's assertion that "the earliest month for which [he can receive benefits] is the month following the month [he] filed the application." 20 C.F.R. § 416.335. According to Molitoris' Response to the Motion to Dismiss, he filed an application for SSI benefits alleging inability to work since April 1, 2001, on April 7, 2005. The Social Security Administration determined that Molitoris was disabled as of April 20, 2005. Under 20

---

[4] Although Molitoris did not object to the magistrate judge's failure to address this claim, the Court finds it appropriate, in its independent review, to address this claim.

[5] To receive DIB pursuant to 42 U.S.C. 423(a)(1), a person must be insured, be under retirement age, have filled out an application for DIB, and be under a disability. To be entitled to SSI under 42 U.S.C. § 1382(a)(1), a person must be disabled, and the income and resources of the individual must be below a specific level. However, the definition of "disability" is virtually identical for a DIB consideration as it is for an SSI consideration. *See Penny v. Sullivan*, 2 F.3d 953, 955 n. 1 (9th Cir. 1993).

C.F.R. § 416.335, therefore, Molitoris cannot receive benefits prior to May 2005. Molitoris' assertion that he is not seeking review of the denial of the DIB claim, but merely requesting the onset date of the SSI claim be considered fails to acknowledge that the only way Molitoris can receive the relief he requests is to review the original claims.[6] Molitoris' onset date does not change the fact that, pursuant to regulation, Molitoris cannot receive SSI benefits prior to May 2005. Indeed, Molitoris' claims that the SSA failed to follow its own regulations regarding the onset date and the durational aspect of disability completely ignores the fact that, under 20 C.F.R. § 416.335, such inquiries are not appropriate. Similarly, Molitoris' new evidence is not "material," 20 C.F.R. § 404.989(a)(1) under 20 C.F.R. § 416.335. Where Molitoris has specifically stated that he is not appealing the "administrative denial of [his] 2003 application and [is] not asking for back pay for that period" but is challenging "the decision of the ALJ in [his] 2006 decision not to accept the DLI as [his] onset of disability[,] Response to Motion to Dismiss, p. 8, Molitoris' efforts to couch his claim as a colorable constitutional claim must fail.

The Court finds it does not have subject matter jurisdiction of this matter and dismissal is appropriate.

Accordingly, IT IS ORDERED:

1. The Report and Recommendation [Doc. # 13] is ADOPTED IN PART AND DENIED IN PART.

2. Defendant's Motion to Dismiss Case for Lack of Jurisdiction [Doc. # 8] is GRANTED.

3. This matter is DISMISSED for lack of subject matter jurisdiction.

---

[6]The Court notes that Molitoris' Complaint indicates that Molitoris brought this action for DIB benefits – the Complaint does not mention his claim for SSI benefits. However, Molitoris states that he is "not appealing the administrative denial of 2003, but rather the January 15, 2006 decision finding no disability prior to the DLI of June 30, 2003." Response to Motion to Dismiss, p. 2.

- 7 -

4. The Clerk of the Court shall enter judgment and shall then close its file in this matter.

DATED this 7th day of May, 2009.

*Cindy K. Jorgenson*
Cindy K. Jorgenson
United States District Judge